UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN IRON & CRANE, INC.,<br><br>    Defendant. | Civil Action No.:   1:23-cv-01371 (GTS/DJS)<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arch Specialty Insurance Company, by way of Complaint against Defendant American Iron & Crane, Inc., states as follows:

## PARTIES

1.  Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

2.  Defendant American Iron & Crane, Inc. ("American") is a corporation organized under the laws of the State of New York with a principal place of business at 2822 Curry Road, Schenectady, New York 12303.

## JURISDICTION AND VENUE

3.  The amount in controversy between the parties exceeds $75,000.00.

4.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## COUNT ONE
(Breach of Contract)

5.  Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. Arch issued Excess Third-Party Liability Policy No. UXP1042475-01 to American for the effective dates of February 1, 2022 to February 1, 2023 ("the Policy").

7. The Policy is an insurance contract providing insurance coverage for certain liabilities of American, as set forth in the Policy, in exchange for premiums.

8. Arch fulfilled its contractual obligations and provided coverage under the Policy.

9. Pursuant to the Policy's terms, the initial premiums were based on information submitted by American and/or its insurance agent/broker on American's behalf regarding American's estimated exposure for the effective dates of coverage.

10. Because initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

11. The audit of the Policy resulted in an additional premium of $98,602.73 owed by American to Arch (the "Additional Premium").

12. American failed and refused to remit payment of the $98,602.73 owed to Arch pursuant to the terms of the Policy.

13. Arch billed and/or issued demands for payment for the outstanding amount to American in a timely fashion.

14. American is also obligated to pay a New York State Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.18% of the Additional Premium, respectively ("New York State Taxes and Fees"). The total New York State Taxes and Fees equal $3,717.32.

15. Prior to commencing the instant litigation, Arch demanded payment of the Additional Premium and New York State Taxes and Fees owed by American and attempted to collect the same without success.

16. Through its failure and refusal to remit payment of the Additional Premium and the New York State Taxes and Fees, American breached its contract with Arch, *i.e.* the Policy.

17. American has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $102,320.05 plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against American in an amount no less than $102,320.05, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

18. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Arch has provided insurance coverage and related services to American for which American has refused to pay and has been unjustly enriched thereby.

20. Arch repeatedly has demanded that American remit payment of the amount due and owing to Arch.

21. American has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching American and causing Arch to suffer damages in an amount no less than $102,320.05, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against American in an amount no less than $102,320.05, together with, interest, attorney's fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

### **COUNT THREE**
(Account Stated)

22. Arch repeats, restates and realleges the allegation of Paragraphs 1 through 21 as if fully set forth herein.

23. American being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

24. Arch repeatedly has demanded that American remit payment for the amount owed to Arch. American, however, has failed and refused to remit payment.

25. American's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $102,320.05, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against American in the amount of $102,320.05, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Arch Specialty Insurance Company demands trial by jury in this action of all issues so triable.

Dated: New York, New York
November 2, 2023

HINSHAW & CULBERTSON LLP

By:  /s/ Vitaly Vilenchik
J. Gregory Lahr
Vitaly Vilenchik
800 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 655-3802
Facsimile: (212) 935-1166
glahr@hinshawlaw.com
vvilenchik@hinshawlaw.com
*Attorneys for Plaintiff Arch Specialty Insurance Company*